## AMERICAN CAR & FOUNDRY CO. v. ROCHA.

(Circuit Court of Appeals, Eighth Circuit. March 24, 1919. Rehearing Denied
May 21, 1919.)

### No. 5227.

MASTER AND SERVANT ⟨⟩185(27)—MASTER'S LIABILITY FOR INJURY TO SERVANT
—SAFE PLACE TO WORK.

Where plaintiff was at work under a car, which had been raised from
its trucks and blocked up, his employer owed him a positive duty to
warn him before the car was moved, which could not be delegated to
another employé, so as to relieve itself from liability for its negli-
gence resulting in plaintiff's injury.

In Error to the District Court of the United States for the Eastern
District of Missouri; Jacob Trieber, Judge.

Action at law by Saropia Rocha against the American Car & Foundry
Company. Judgment for plaintiff, and defendant brings error. Af-
firmed.

William R. Gentry, of St. Louis, Mo. (M. F. Watts and Edwin W.
Lee, both of St. Louis, Mo., and G. A. Orth, of New York City, on the
brief), for plaintiff in error.

Edward W. Foristel and Jesse T. Friday, both of St. Louis, Mo., for
defendant in error.

Before CARLAND and STONE, Circuit Judges, and AMIDON,
District Judge.

CARLAND, Circuit Judge. Rocha sued the foundry company to re-
cover damages for personal injuries alleged to have been caused by the
negligence of the latter. The plaintiff recovered a verdict, and de-
fendant assigns error.

The only evidence introduced was that of the plaintiff. It showed
that on the 17th day of May, 1917, the plaintiff, while in the employ
of the defendant, was directed by a foreman to go under a railroad
car, which had been raised from its trucks and was resting on some
blocks, to tighten up some bolts and nuts. While the plaintiff was par-
tially under the car, with his left leg over one of the axles of the truck,
the foreman, without any warning to the plaintiff, caused the car to
be moved by a derrick or hoisting machine. The movement caused the
car to fall upon plaintiff, thereby breaking one of his legs. Counsel for
defendant moved for a directed verdict in its favor, upon the ground
that the foreman was a fellow servant of the plaintiff, for whose negli-
gence the defendant was not liable. The same point was raised in other
ways. This is the only question specified and discussed in the briefs of
counsel.

The plaintiff's petition in substance alleged that the defendant was
negligent in ordering the plaintiff under the car and in moving the same
while he was still under the car without warning. The defendant's
answer denied negligence and pleaded contributory negligence. The
defense of fellow servant was not pleaded. We think it is immaterial

whether the foreman was a fellow servant of the plaintiff or not. In a case like the present it was the positive duty of the defendant to warn the plaintiff that the car was about to be moved. This duty could not be delegated to the foreman by the defendant, so as to relieve itself of liability for his negligence.

We do not deem it necessary to cite authority in support of a rule so well 'established.

The judgment below is affirmed.